QUIÑONES *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property
of Caguas.

No. 112.—Decided March 11, 1912.

CANCELLATION OF MORTGAGES—REMEDIABLE DEFECTS—LIQUIDATING FIRM—POWERS
AND OBLIGATIONS OF LIQUIDATING FIRM.—The Registrar of Property of
Caguas recorded the cancellation of the mortgage which is the object of this
suit with the remediable defect that the articles of copartnership of the
firm of Müllenhoff & Körber not having been presented to him to enable him
to ascertain what were the powers and obligations of Körber & Company
as liquidators who canceled the mortgage created by the former firm. *Held:*
That it appearing from the deed of cancellation that Körber & Company are
the liquidators of Müllenhoff & Körber and that the liquidating partnership
has all the powers and obligations mentioned in articles 227 to 233 and 235
to 237 of the Code of Commerce, among which is the power to discharge
obligations previously contracted, it was unnecessary for the registrar to
have before him the deed referred to by him, wherefore no remediable defect
existed.

The facts are stated in the opinion.

*Mr. Rafael Arce* for appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By public deed executed on October 30, 1911, before Notary Rafael Arce Rollet, the commercial firm of Körber & Co., of this city, liquidator of Müllenhoff & Körber, now dissolved, through its managing partner, Edward F. Woods, canceled a mortgage made in favor of Müllenhoff & Körber on a city property and a farm belonging to Nicolás Quiñones Cabezudo

and his wife, Dolores Giménez Cruz, to secure the proper fulfilment of certain obligations of the firm of Quiñonès Cabezudo & Co., which have been satisfied; and upon presentation to the registrar of Caguas of a copy of said deed, he recorded the cancellation of the mortgage with the curable defect that the articles of copartnership of the firm of Müllenhoff & Körber, of which Körber & Co. are said to be liquidators, had not been presented to him, which decision was set down in a memorandum of December 20, 1911.

An appeal has been taken from the part of said decision of the registrar relative to the curable defect therein mentioned.

It appears from an examination of the deed of cancellation that the firm of Körber & Co. was organized under articles of copartnership, dated July 31, 1911, and that Edward F. Woods was one of its managing partners, with power to constitute, accept and cancel mortgages; that the firm of Körber & Co. is the liquidator of Müllenhoff & Körber, dissolved on the same date, and that the said firm of Körber & Co., under the deed of dissolution and liquidation of Müllenhoff & Körber, has all the powers and obligations mentioned in articles 227 to 233 and 235 to 237 of the Code of Commerce.

As can be seen, Körber & Co., as liquidator of Müllenhoff & Körber, were assigned the powers and obligations specified in the aforesaid articles of the Code of Commerce, and it is unnecessary to require the presentation of the articles of copartnership of Müllenhoff & Körber to ascertain what were those powers and obligations.

The firm of Körber & Co., under article 228 of the Code of Commerce, had power as liquidator of Müllenhoff & Körber to collect their accounts, to discharge obligations previously contracted as they became due, and to close pending transactions. If Quiñones Cabezudo & Co. had satisfied the mortgage obligation contracted with Müllenhoff & Körber, the firm of Körber & Co., as liquidator of the former, had power to cancel said mortgage.

For the reasons aforesaid the part of the decision of the Registrar of Caguas appealed from should be reversed, and the deed of cancellation of the mortgage should be recorded without the curable defect above referred to.

*Reversed.*

Justices MacLeary, Wolf, del Toro, and Aldrey concurred.